IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-HC-2155-FL

EDWARD E. FORD, )
)
Petitioner, )
)
v. ) ORDER
)
WARDEN T. SCARANTINO, )
)
Respondent. )

This matter is before the court on respondent's motion to dismiss or in the alternative for summary judgment (DE 15) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(a). Petitioner responded in opposition and in this posture the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

Petitioner, a federal inmate proceeding pro se, commenced this action by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that a detainer lodged against him by the United States Parole Commission ("USPC") is invalid and that it is preventing him from moving for compassionate release. Petitioner also claims that Federal Bureau of Prisons ("FBOP") refuses to remove the detainer even though the detainer is unlawful and where he fully served the sentence for the underlying crimes for which he was placed on parole.

Respondent filed the instant motion to dismiss or in the alternative for summary judgment, arguing that petitioner failed to exhaust administrative remedies, and that his claims fail on the merits. In support, respondent relies on memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) declaration of Kelly Forbes, a paralegal

specialist at the Federal Correctional Center in Butner, North Carolina; 2) FBOP sentence computation data; 3) correspondence between the USPC and the FBOP regarding the detainer; 4) warrant application for violating the terms of parole and related parole records; 5) excerpts from FBOP program statement addressing detainers; and 6) petitioner's administrative remedy records. Petitioner responded in opposition, relying on his District of Columbia criminal records and correspondence between petitioner and the USPC.

### STATEMENT OF FACTS

The relevant facts are not disputed. In August 1985, petitioner was released on federal parole after serving custodial sentence for unknown offenses, and the USPC assumed supervision responsibilities. (See Sent'g Computation (DE 1-2) at 1; Resp't Stmt. (DE 17) ¶¶ 3–5). While serving the parole term, District of Columbia authorities charged petitioner with first-degree murder and distributing controlled substances. (Resp't Stmt. (DE 17) ¶ 1; Warrant Application (DE 19-5) at 2).

Petitioner was convicted of the murder charge and he is now serving a life sentence in the FBOP. (Resp't Stmt. (DE 17) ¶ 1; Forbes Decl. (DE 19-1) at 2).[1] Following this conviction, the USPC issued an arrest warrant charging petitioner with violating the terms of parole based on new criminal conduct. (Resp't Stmt. (DE 17) ¶ 2; Warrant Application (DE 19-5)). The USPC, however, elected to defer executing the warrant and thereby proceeding with the revocation hearing until petitioner approaches the end of his sentence for the murder conviction, which would occur only in the event of a future reduction of his life sentence. (Resp't Stmt. (DE 17) ¶¶ 3–5;

---

[1]    Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

Detainer Action Letters (DE 19-3) at 1–2; USPC Notice of Action (DE 19-5) at 3). To effectuate this plan, the USPC lodged a detainer with the FBOP notifying the agency of the arrest warrant for the alleged parole violations. (Resp't Stmt. (DE 17) ¶ 3; Detainer Action Letters (DE 19-3)).

The FBOP accepted the detainer and agreed to provide USPC with notice of any impending release of petitioner. (Resp't Stmt. (DE 17) ¶ 2; Forbes Decl. (DE 19-1) at 2; Detainer Action Letters (DE 19-3)). In March 2014, the USPC denied petitioner's request for removal of the detainer, and informed petitioner that the decision is not appealable. (Resp't Stmt. (DE 17) ¶¶ 3– 4; Forbes Decl. (DE 19-1) at 3; USPC Notice of Action (DE 19-5 at 3)). In addition, an FBOP program statement, representing official policy, provides that the agency "will not decide the validity of any detainer." (Resp't Stmt. (DE 17) ¶ 6; FBOP Program Statement 5800.15-CN-1 (DE 19-6) at 11).

## DISCUSSION

A.      Standard of Review

Summary judgment[2] is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of

---

[2]      The court construes respondent's motion as seeking summary judgment pursuant to Rule 56, where matters outside the pleadings have been submitted to the court and considered. Fed. R. Civ. P. 12(d). The court provided notice of same by Roseboro correspondence February 14, 2025. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

3

material fact requiring trial.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Anderson, 477 U.S. at 250.

B.      Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition."  In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).   In addition, and as a general rule, § 2241 is the appropriate vehicle for challenging pending detainers.  See Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 495, 499 n.15 (1973); Norris v. Georgia, 522 F.2d 1006, 1010–11 (4th Cir. 1975).

The court begins with respondent's argument that petitioner failed to exhaust administrative remedies.  Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts require inmates challenging the execution of their sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241.  See Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004).   This rule, however, is not jurisdictional, and the court may proceed to the merits even if it clear that the petitioner failed to exhaust.  Timms v. U.S. Att'y Gen., 93 F.4th 187, 192 n.9 (4th Cir. 2024).

In the circumstances presented here, the court will proceed to the merits without requiring exhaustion of the FBOP's administrative remedies.  The primary relief that petitioner seeks is removal of allegedly unlawful detainers.  (Pet. (DE 1) ¶ 15).  FBOP policy provides, however,

4

that the agency will not pass upon the validity of any pending detainers, which means that federal inmates must challenge detainers or arrest warrants pursuant to available procedures in the state or other jurisdiction that issued same.   (See FBOP Program Statement 5800.15-CN-1 (DE 19-6) at 11; see also Resp't Br. (DE 17) at 14 ("The only remedy available to petitioner is to have the [USPC] review the detainer under 18 U.S.C. § 4214(b)(4), which it did in 2014.")).

Here, petitioner requested that the USPC remove the detainer, but the commission denied the request and informed petitioner that he could not appeal that decision.   (Notice of Action (DE 22-1) at 4).   As noted, the FBOP will not override this decision or otherwise cancel the detainer issued by the USPC.   (FBOP Program Statement 5800.15-CN-1 (DE 19-6) at 11).   And respondent does not suggest that pursuing the issue through the FBOP's administrative remedy program could result in an exception to the program statement or otherwise provide a meaningful venue to address this claim.   In these circumstances, requiring exhaustion of the FBOP's administrative remedies would be futile and a waste of the parties and the court's resources.[3]

Turning to the merits, petitioner's claims are not a model of clarity.   To the extent petitioner argues that he completed the sentence for the criminal conviction underlying his parole term, or that he was not on parole when he committed the new criminal offenses, those arguments are contradicted by the record.   Petitioner was placed on parole in August 1985, and in the absence of any violations his parole would have expired upon the full-term expiration date of April 5, 1997.

---

[3]      As the foregoing discussion suggests, petitioner brought this action against the wrong respondent, where the USPC, and not the warden of petitioner's correctional facility, is the entity responsible for the detainer.   See Braden, 410 U.S. at 495.   But respondent does not challenge the petition on this ground, and naming the wrong respondent does not deprive the court of subject matter jurisdiction.   See Rumsfeld v. Padilla, 542 U.S. 426, 434 n.7 (2004); Hill v. Quintana, 770 F. App'x 66, 67 (4th Cir. 2019).

(Sent'g Computation (DE 1-2) at 1); 18 U.S.C. § 4210(a) ("A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.").[4]   When petitioner committed new criminal conduct during his term of parole, (Warrant Application (DE 19-5) at 2), he became subject to separate proceeding for revocation of parole.   See 18 U.S.C. § 4214(a)(1); Moody v. Daggett, 429 U.S. 79, 80–84 (1976) (describing parole revocation procedures under predecessor version of the statute).   And USPC may revoke parole regardless of any prior sentence he served for the criminal convictions that gave rise to his parole or the fact that he has now been in custody past his previously set maximum term date.   See Moody, 429 U.S. at 80–84; 18 U.S.C. § 4214(b)(1); (Warrant Application (DE 19-5) at 2).   Thus, the detainer requiring notification to the USPC upon petitioner's impending release from imprisonment is active and valid.   (See Warrant Application (DE 19-5) at 2).

Moreover, the violation warrant has not been executed, and petitioner is not entitled to credit his time in custody on new criminal charges against his remaining term of parole or any revocation sentence unless the USPC formerly revokes parole and orders concurrent sentences. See Moody, 429 U.S. at 85–89; 18 U.S.C. § 4210(b)(2) (permitting concurrent or consecutive sentences upon revocation of parole); 28 C.F.R. § 2.100(d)(1) ("The date the violation term commences is the date the [USPC's] warrant is executed.").   The USPC, however, has adopted "the policy . . . that the parolee's violation term (i.e., the unexpired term that remained to be served at the time the parolee was last released on parole) shall start to run only upon his release from the

---

[4]     All references to 18 U.S.C. §§ 4201 to 4218 are to the version of the statute in effect when petitioner was placed on parole in August 1985.  (Sent'g Computation (DE 1-2) at 1).  This same version was in effect when petitioner was sentenced in 1979.  See Moody v. Daggett, 429 U.S. 79, 85 (1976).

confinement portion of the sentence for the new offense." 28 C.F.R. § 2.100(d)(1); see also

Moody, 429 U.S. at 85. The fact that the USPC has elected to defer revocation of parole until

petitioner is nearing completion of his current sentence does not violate petitioner's due process

rights in the circumstances presented here. See Moody, 429 U.S. at 87 ("With only a prospect of

future incarceration which is far from certain, we cannot say that the parole violator warrant has

any present or inevitable effect upon the [respondent's] liberty interests.").[5]

Turning to the remaining arguments, petitioner asserts that his parole revocation

proceedings stem from his prior conviction for "prison breach" and that he completely served the

sentence for that offense years ago. (See Pet. (DE 1-1) at 1). This is incorrect as a factual matter.

As explained above, the parole violator warrant and detainer are based on the criminal conduct

petitioner committed while he was on parole, which include distribution of controlled substances

and first-degree murder. (Warrant Application (DE 19-5) at 2). Even if the prison breach

conviction was the underlying crime for which petitioner was placed on parole, that fact is

irrelevant because, as explained above, petitioner has not established that he was released from

parole prior to committing the new criminal conduct.

Finally, petitioner argues that the detainer is preventing him from obtaining compassionate

release from his life sentence for murder. But petitioner provides no evidence substantiating this

assertion. Neither the federal nor the D.C. Code[6] procedures for compassionate release preclude

---

[5]     Notably, and as explained in Moody, the USPC "has power to grant, retroactively, the equivalent of concurrent sentences and to provide for unconditional or conditional release upon completion of the subsequent sentence." 429 U.S. at 87 (citing 18 U.S.C. §§ 4211 and 4214(d)).

[6]     Petitioner was sentenced to life imprisonment in the D.C. Superior Court, and it is likely that any motion for compassionate release must be directed to that court. See D.C. Code § 24-403.04. In an abundance of caution, however, the court cites to the procedures under both federal and D.C. law. See also United States v. Greene, 516 F. Supp. 3d 1, 13–18 (D.D.C. 2021).

7

a defendant from filing such a motion if he has a pending detainer. <u>See</u> 18 U.S.C. § 3582(c)(1)(A); D.C. Code § 24-403.04; U.S.S.G. § 1B1.13. And even assuming that the FBOP will not seek compassionate release on petitioner's behalf if he has a pending detainer, petitioner may file motion for compassionate release in his sentencing court under both the federal and D.C. Code provisions. <u>See</u> 18 U.S.C. § 3582(c)(1)(A); D.C. Code § 24-403.04; U.S.S.G. § 1B1.13. Nor does petitioner provide decision from his sentencing court denying compassionate release on the basis of any detainer.

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 15) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

8